IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01753-GPG

CARLOS MAES,
BRITTNEY HAYES,

Plaintiffs,

v.

RYAN MORRIS, Det.,
JULIAN CLARK, Corp.,
LANCE GILBERT, and
BONITA GILBERT,

Defendants.

---

ORDER DIRECTING PLAINTIFF HAYES TO CURE DEFICIENCIES
AND DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

---

Plaintiffs, Carlos Maes and Brittney Hayes, are detained at the Boulder County Jail. The Plaintiffs have filed, *pro se*, a Prisoner Complaint asserting a deprivation of his constitutional rights under 42 U.S.C. § 1983. The Prisoner Complaint is not signed by Ms. Hayes. Plaintiff Maes has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Plaintiff Hayes, may not proceed as a Plaintiff in this action unless she signs the operative pleading and files a separate Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, along with the necessary attachments. In lieu of filing a § 1915 motion and affidavit, Ms. Hayes may pay the $400.00 filing fee.

The Court must construe the Complaint liberally because Mr. Maes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint if he wishes to pursue his claims in this action.

## I. Complaint

Mr. Maes makes the following allegations in the Complaint:

> Illegal incarceration. False reporting. Abuse of public records. On March 22, 2015 Mr. Lance Gilbert knowingly, feloniously, maliciously, with reckless disregard presented fraudulent court orders to have Mrs. Hayes and Mr. Maes unlawfully arrested and detained and charged. Det. Morris and Corporal Clark feloniously, maliciously, knowingly with reckless disregard excepted fraudulent court orders from Mr. Gilbert, then to proceed in bad faith and present the fraudulent court orders to the District Attorney of Boulder County Colorado to charge us with false criminal actions. § 18-8-114, § 18-8-111.

(ECF No. 1, at 4). Plaintiff asserts claims of unlawful arrest and unreasonable search and seizure. He requests monetary relief.

## II. Sufficiency of Claims

### A. Liability of private actor Defendants under § 1983

To state a claim for relief under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991 (1982). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation marks

omitted). Private persons may be said to act "'under color of' state law" if they are "jointly engaged with state officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). *See also Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir.1987).

Plaintiff alleges that the private actor Defendants, Lance and Bonita Gilbert, "presented fraudulent court orders to have [the Plaintiffs] unlawfully arrested and detained and charged." However, this allegation is vague and is insufficient to show an agreement or joint action between the Gilberts and the Defendants police officers to violate Plaintiffs' constitutional rights. "[W]hen a plaintiff attempts to assert the state action required for a § 1983 action against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks and citation omitted).

**B. Fourth Amendment claims**

The Court construes Plaintiffs' allegations liberally as asserting either a claim of false arrest and imprisonment (arrest without a warrant), or for malicious prosecution (arrested pursuant to legal process - i.e, a warrant).

As explained by the Tenth Circuit in *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013):

> Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. *See Wallace* [*v. Kato*], 549 U.S. [384,] 389, 127 S.Ct. 1091 [(2007)] (concluding that false imprisonment was the proper analogy where defendants did not have a warrant for the plaintiff's arrest and thus detention occurred without legal process). Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. *See Heck* [*v. Humphrey*], 512 U.S. [477,] 484, 114 S.Ct. 2364 [(1994)] (where detention occurs with

> legal process the "common-law cause of action for malicious prosecution provides the closest analogy").

*Id.* at 1194. *See also Wilkins v. DeReyes*, 528 F.3d 790, 793-94, 799 (10th Cir. 2008) (concluding that where police officer obtained an arrest warrant for plaintiff based on fabricated evidence gathered by using coercive interrogation techniques and plaintiff challenged his detention after the institution of legal process, the claim that the legal process itself was wrongful stated a "Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action."); *Mondragon v. Thomas*, 519 F.3d 1078, 1083 (10th Cir. 2008) ("After the institution of legal process, any remaining constitutional claim is analogous to a malicious prosecution claim.").

State tort law provides the starting point for analyzing constitutional claims for wrongful arrest and detention under § 1983; however, the ultimate inquiry is whether there has been a deprivation of a constitutional right. *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006)(internal citations omitted).

Under Colorado law, false arrest arises when an individual is taken into custody by a police officer who claims but does not have probable cause to believe that an offense has been committed and that the person who was arrested committed it. *See Enright v. Groves*, 560 P.2d 851, 853 (Colo.App.1977) (citing W. Prosser, Torts s 11 (4th ed.)). Plaintiffs do not allege specific facts to show that they were arrested and detained without probable cause.

Alternatively, to state an arguable claim of malicious prosecution claim brought under the Fourth Amendment, the Plaintiffs must allege facts to show that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original

arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Malice may be inferred if a defendant causes the prosecution without arguable probable cause. *See id.* at 800-01 (malice may be inferred from intentional or reckless behavior). Plaintiffs do not allege that the criminal charges against them have been dismissed, or that they were adjudicated not guilty.

Because the Complaint is deficient for the reasons discussed above, the Plaintiffs will be directed to file an Amended Complaint. Plaintiffs are reminded that to state a claim in federal court, the Amended Complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Brittney Hayes, shall file, **within 30 days of this Order**, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (along with the attachments). Alternatively, Plaintiff Hayes may pay the $400.00 filing fee. It is

FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff Brittney Hayes, a copy of the court-approved form (and attachments) for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff shall use the form in curing the deficiencies noted above.

FURTHER ORDERED that, if Plaintiff Brittney Hayes fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, she will be dismissed

as a party to this action without further notice. The dismissal shall be without prejudice. It is

FURTHER ORDERED that the Plaintiff(s) file, **within thirty days from the date of this Order**, an Amended Complaint, on the court-approved Prisoner Complaint form, that complies with the directives in this Order. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff Carlos Mayes a copy of the court-approved Prisoner Complaint form, along with the applicable instructions. It is

FURTHER ORDERED that, if Plaintiff(s) fail(s) within the time allowed to file an Amended Complaint that complies with this Order as directed, the action may be dismissed without further notice.

DATED August 26, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

______________________________
United States Magistrate Judge