IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01753-GPG

CARLOS MAES,
BRITTNEY HAYES,

    Plaintiffs,

v.

RYAN MORRIS, Det.,
JULIAN CLARK, Corp.,
LANCE GILBERT, and
BONITA GILBERT,

    Defendants.

---

## ORDER OF DISMISSAL

---

    Plaintiffs, Carlos Maes and Brittney Hayes, were detained at the Boulder County Jail at the time of filing. The Plaintiffs initiated this action on August 13, 2015, by filing, *pro se*, a Prisoner Complaint asserting a deprivation of their constitutional rights under 42 U.S.C. § 1983.

    On August 26, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because the pleading was not signed by Plaintiff Hayes, and Plaintiff Hayes had not filed a separate § 1915 motion and affidavit. (ECF No. 7). Furthermore, the Complaint failed to allege facts to show that the Gilbert Defendants engaged in joint action with the police officer Defendants to deprive Plaintiffs of their Fourth Amendment rights. (*Id.*). And, finally, the Complaint did not to allege facts sufficient to state an arguable claim of malicious prosecution under § 1983.

    Plaintiff(s) filed an Amended Complaint (ECF No. 8), on September 16, 2015,

signed only by Defendant Maes. In addition, Defendant Hayes filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (ECF No. 10). Plaintiff Maes submitted a Letter (ECF No. 9) to the Court on September 16, 2015, in which he states that he was transferred to the Jefferson County Jail and that Plaintiff Hayes remained in the Boulder County Jail - presumably to explain why Plaintiff Hayes had not signed the Amended Complaint.

The Court must construe the Complaint liberally because Mr. Maes is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

Plaintiff Maes has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsections (e)(2)(B)(i) of § 1915 require a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons discussed below, this action will be dismissed.

**I. The Amended Complaint**

In the Amended Complaint, Plaintiffs allege that on March 10, 2015, Defendant Lance Gilbert (LG) was served with a court summons concerning a child custody case commenced in a Nevada state court concerning the custody of Lucy and Emery Gilbert ("the children"). Thereafter, Defendant LG filed his own petition for custody of the children in a California state court and custody was granted on March 19, 2015. Defendant LG then contacted Defendant Clark, a police officer in Louisville, Colorado,

and informed Officer Clark that the Plaintiffs, who had physical custody of the children, were in violation of a California court custody order. According to Plaintiffs, Defendant LG did not apprise Officer Clark about the first custody proceeding filed in the Nevada state court. Defendant Lt. Morris, relying on information provided by the Gilberts, as relayed by Officer Clark, arrested the Plaintiffs on March 22, 2015 for violation of the California state custody order, pursuant to COLO.REV.STAT. (C.R.S.) § 18-3-304(1) (2014). Plaintiffs allege that "Det. Morris never read the [Uniform Child Custody Jurisdiction and Enforcement Act, adopted in Colorado at §§ 14-13-201, *et seq.*, C.R.S. (2013)] and proceeded in bad faith." Plaintiffs were detained at the Boulder County Jail until September 13, 2015, when the criminal charges were dismissed for lack of probable cause following a preliminary hearing. Plaintiffs assert claims against the Defendants under § 1983 for false arrest, false imprisonment and malicious prosecution. They request monetary relief.

**II. Analysis**

Plaintiffs do not allege whether they were arrested pursuant to a warrant. The basis of a false arrest claim is a warrantless arrest while a challenge to an arrest pursuant to a warrant, and any subsequent legal proceedings is actionable as a malicious prosecution. *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013).

The common law provides the starting point for analyzing § 1983 claims based on false arrest and detention and malicious prosecution; however, the ultimate inquiry is whether there has been a deprivation of a constitutional right. *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006) (internal citations omitted); *see also Pierce*, 359 F.3d at 1285, 1287 & n.5.

An essential element of a false arrest or malicious prosecution claim under § 1983 is that the police officer lacked probable cause for the arrest, in violation of the Fourth Amendment. *See Smith v. Plati*, 258 F.3d 1167, 1175 (10th Cir. 2001); *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). In addition, to state a § 1983 claim for malicious prosecution, the Plaintiffs must allege facts to show that "(1) the defendant caused the plaintiff's arrest, continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins*, 528 F.3d at 799. Malice may be inferred if a defendant causes the prosecution without arguable probable cause. *See id.* at 800-01 (malice may be inferred from intentional or reckless behavior).

### A. The Police Officer Defendants

Police officers may have probable cause to arrest and detain a plaintiff, even where the criminal charges are later dismissed. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1295 (10th Cir. 2004) (agreeing with the district court that "[e]ven when probable cause is present at the time of the arrest, evidence could later surface which would eliminate that probable cause.").

"'When police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible.'" *Barnes v. Timmons*, No. 13-1184, 565 F. App'x 736, 738 (10th Cir. (Colo.) 2014) (unpublished); *Pasiewicz v. Lake Cnty. Forest Pres. Dist.*, 270 F.3d 520, 524 (7th Cir.2001). Generally, a police officer is shielded from

§ 1983 liability for furnishing information upon which a state prosecutor relies in determining whether to file criminal charges, see Reed v. City of Chicago, 77 F.3d 1049, 1053 (7th Cir.1996), unless the police officers purposefully concealed or misrepresented material facts to the prosecuting attorney which resulted in a plaintiff's continued detention and prosecution. See Robinson v. Maruffi, 895 F.2d 649, 655 (10th Cir. 1990).

Plaintiffs allege in the Amended Complaint that they were arrested by the Defendant police officers after the Gilberts told the officers that they had lawful custody of the children, and produced a custody order issued by a California state court. According to Plaintiffs, the Gilberts did not advise the Louisville police officers about the pending custody proceeding that had been filed first in a Nevada state court.

The Court finds that even if the police officers were negligent in their investigation, they were entitled to rely on a facially valid court order, and the Defendants' statements, in deciding to arrest the Plaintiffs for violation of a custody order.  Furthermore, Plaintiffs do not allege any facts to show that the Defendant police officers purposefully concealed or misrepresented material facts to the prosecutor. Instead, Plaintiffs allege that the Defendant officers were not aware of the other state court custody action at the time of Plaintiffs' arrest.  Accordingly, Plaintiffs have not alleged sufficient facts to make an arguable showing the police lacked probable cause to arrest them, or are otherwise subject to liability for the Plaintiff's detention for several months before the charges were dismissed at the preliminary hearing.  Therefore, Defendants Morris and Clark will be dismissed.

### B.  The Gilberts

Section 1983 provides a remedy for the deprivation of a right secured by the

Constitution or federal statute, committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (quotation marks omitted).

The Plaintiffs were warned in the August 26 Order that private conduct constitutes state action only if it "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Further, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Moreover, a § 1983 plaintiff must allege more than conclusory allegations of a conspiracy between state actors and private defendants. *See Beedle v. Wilson,* 422 F.3d 1059, 1073 (10th Cir. 2005) (holding conclusory allegation of conspiracy with state actors insufficient to extend § 1983 liability to private defendant); *Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994) (same).

Because Plaintiffs have failed to state an arguable constitutional deprivation by the police officer Defendants, the Plaintiffs necessarily cannot show state action by the Gilberts. As such, the § 1983 claims against the Gilberts will also be dismissed. Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 8) and this action are DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If one or both of the Plaintiffs files a notice of appeal, they must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 10), filed by Plaintiff Brittney Hayes, is DENIED as moot.

DATED September 23, 2015, at Denver, Colorado.

                                          BY THE COURT:

                                          s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, Senior Judge
                                          United States District Court